UNITED STATES, Appellee,

v.

Frank O. MOSS, Defendant, Appellant.

No. 89–1859.

United States Court of Appeals,
First Circuit.

Submitted Sept. 15, 1989.

Decided Oct. 5, 1989.

Benicio Sanchez Rivera, San Juan, P.R., on Memorandum In Support of Appeal.

Before CAMPBELL, Chief Judge, BOWNES and BREYER, Circuit Judges.

PER CURIAM.

The defendant, Frank O. Moss, has appealed a district court order denying his request to vacate a magistrate's order of pretrial detention. We remand.

The defendant was charged in a criminal complaint[1] with aiding and abet-

---

1. Subsequent to the issuance of the detention order, an indictment issued charging the defendant with those crimes alleged in the criminal complaint. A grand jury indictment is sufficient to establish probable cause for purposes of triggering the rebuttable presumptions of 18

U.S.C. § 3142(e). *United States v. Vargas*, 804 F.2d 157, 163 (1st Cir.1986) (per curiam).

Later, a superceding indictment issued charging the defendant, in one count, with violating 46 U.S.C.App. § 1903(a), (c)(1)(A) and (f) and 18 U.S.C. § 2 (aiding and abetting the possession with intent to distribute marihuana on board a

ting the importation of approximately 60 pounds of marihuana and aiding and abetting the bringing of that controlled substance on board a vessel arriving in the customs territory of the United States. 21 U.S.C. §§ 952(a) and 955; 18 U.S.C. § 2. The government requested that the defendant be detained without bail pending trial. 18 U.S.C. § 3142(e) and (f).

A detention hearing was held. We have, in the record before us, only a partial transcript of that detention hearing, manifesting the testimony of a Customs Investigator, Carlos Rodriguez. Mr. Rodriguez testified that the vessel, Sweet Pea, ran aground on a reef off the coast of Puerto Rico late Friday, July 14, 1989. William Hoercherl, a co-defendant, departed the Sweet Pea aboard a dinghy, early Saturday, July 15th, in search of assistance in removing the Sweet Pea from the reef. The defendant, the sole crew member, remained on board. Mr. Hoercherl approached the owner of another vessel and requested assistance. The owner of the second vessel notified the Puerto Rico Police Department Marine Unit that a vessel had run aground and that he was going to its aid. The Marine Unit then notified Customs.

Meanwhile, the defendant had decided to abandon the Sweet Pea and attempted to swim to shore. He was picked up by someone in a passing pleasure boat. A police officer interviewed the defendant who identified himself as the owner of the Sweet Pea.

On Sunday, the 16th, Customs personnel boarded the Sweet Pea and conducted a search after determining that the vessel had arrived from Aruba. Pursuant to the search, Customs personnel found a black plastic bag on the top of a bed in the cabin. Inside the bag was a carton. Inside the carton was a package weighing approximately 60 pounds. The package was opened. Its contents field-tested positive for marihuana.

At some point in time (it is unclear if before or after the search) Customs investigators interviewed Hoercherl who stated that he (Hoercherl) was the owner or, at least, the person in charge of the Sweet Pea. Documents found on board confirmed this. Hoercherl told Customs that he and the defendant had been in Aruba and that they had run aground while attempting to enter Puerto Rico through the Port of Mayaguez. Hoercherl said that he had purchased several ornamental rugs and other items while in Aruba, which he intended to later sell. Hoercherl also said that they were on a pleasure trip fishing for blue marlin. Officers conducting the search reported to Investigator Rodriguez that although the Sweet Pea had some fishing gear, it was not fitted for marlin fishing, i.e., it did not have the type of chair one sits in when hauling in marlin.

Pursuant to the Customs investigation, Rodriguez also determined that both the defendant and Hoercherl were United States citizens and residents of Florida, that the defendant has no prior criminal record, and that Hoercherl was convicted in 1981 of "conspiracy with intent to distribute marihuana" and had been sentenced to 48 months imprisonment. Based on statements by the defendant and Hoercherl to investigators, Rodriguez testified that he learned that both the defendant and Hoercherl are retired, that Hoercherl is a retired land developer and also a pilot, that they had arrived in Puerto Rico three months earlier from Miami, that they had left Puerto Rico for Aruba on May 10, 1989, and were returning to Puerto Rico when the Sweet Pea ran aground on July 14th.

At this point in the narrative, defendant's counsel stated that he had no questions for Inspector Rodriguez but requested that the magistrate direct Rodriguez to preserve his notes. That request was granted and Rod-

vessel of the United States or vessel subject to the jurisdiction of the United States). Section 1901 et seq. of Title 46 is the recodification of 21 U.S.C. § 955a. Pub.L. 99–640 § 17, Nov. 10, 1986, 100 Stat. 3552. The rebuttable presumptions of § 3142(e) are triggered by probable cause to believe that a person violated 21 U.S.C. § 955a. 18 U.S.C. § 3142(e).

Thus, the subsequent issuance of the initial indictment and the superceding indictment affects neither the reasoning nor the result of this opinion.

riguez was excused from the witness stand. We have no further transcript of the detention hearing. The record before us does contain, however, notes of the courtroom deputy which state:

> DETENTION HEARING called. Government presented the testimony of Carlos Rodriguez. He was cross examined by defense counsel.[2] After cross examination the Government requested that defendant be detained without bond, that defendants committed the offense charged against them. That defendant Hoercherl has prior criminal record, they are a danger to the community and a risk of flight, so she requested detention without bond. Both defense counsel argued the presumption of a risk of flight, they told that both defts. are U.S. citizens, married who have lived in Florida all their lives. After hearing the parties, the Magistrate left the case UNDER ADVISEMENT.

On the following day, the magistrate issued an order of detention pending trial. That order stated as a finding of fact that there is probable cause to believe that the defendant has committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in "18 U.S.C. § 2." We note that for purposes of detention under the Bail Reform Act of 1984 (the Act), in particular 18 U.S.C. § 3142(e), the offenses relevant to this case and potentially triggering pretrial detention are those for which a maximum term of imprisonment of ten years or more is prescribed in the "Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), section 1 of the Act of September 15, 1980 (21 U.S.C. 955a), or an offense under section 924(c) of title 18 of the United States Code." 18 U.S.C. § 3142(e). Section 2 of Title 18 (the general statute treating aides and abettors as principals for purposes of punishment), cited by the magistrate in his pretrial detention order, is *not* among those listed in § 3142(e). In addition to 18 U.S.C. § 2, the defendant was charged with the substantive offenses under 21 U.S.C. §§ 952(a) and 955, both of which *are* offenses providing the basis for detention under the Act. 18 U.S.C. § 3142(e). We will assume (and the defendant does not suggest otherwise) that the reference to only 18 U.S.C. § 2 was an unintentional error and that the magistrate's finding of probable cause to believe that the defendant was an aider and abettor was intended rather to reflect a finding of probable cause to believe that the defendant committed the substantive offenses with which he was charged.

A finding of probable cause to believe that the defendant has committed an offense as set out in § 3142(e) establishes a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required (risk of flight) and the safety of the community (dangerousness). 18 U.S.C. § 3142(e).[3] The magistrate's order of pre-

**2.** We have no transcript of any cross-examination of Inspector Rodriguez. The partial transcript before us indicates that Rodriguez was excused without questioning by defense counsel. It may be, however, that Rodriguez was later recalled to the stand.

**3.** The presumption raised as a result of a finding of probable cause to believe that a person has committed a relevant narcotics offense has two components. One is that such a person poses a risk of flight; the second is that he represents a danger to the community. 18 U.S.C. § 3142(e). Although both components were referenced by the government at the detention hearing, (*see* government's motion, docketed July 18, 1989, (unnumbered), and courtroom deputy notes, *supra* at 334), and the magistrate's pretrial detention order reflects a finding that the presumption (incorporating its two components) was unrebutted, a reading of the record as a whole suggests to us that the primary focus of the detention matter was the issue of flight.

For example, (1) the courtroom deputy notes, *supra* at 334, suggest that defense counsel focused their argument on the risk of flight aspect; (2) the defendant's request to the district court for review of the magistrates's order interpreted the magistrate's ruling as a determination that the risk of flight presumption was unrebutted, *see* Record document No. 5; and (3) the district court order declining to vacate the order of pretrial detention speaks solely to the risk of flight aspect of the presumption, *see* text of district court order, *infra*, at 336. We believe it is fair to treat the government's reference to the dangerousness component of the presump-

trial detention also stated as a finding that the defendant has not rebutted this presumption. This conclusory finding was not elaborated upon despite the statutory requirement that the detention order include written findings of fact *and* a written statement of the reasons for the detention. 18 U.S.C. § 3142(i)(1); *see also United States v. Jessup*, 757 F.2d 378, 384 (1st Cir.1985).

The defendant sought review of the magistrate's order of pretrial detention in the district court. The defendant argued that the presumption arising from § 3142(e) is inapplicable because, although the defendant was charged with an offense which triggers such a presumption, (*i.e.*, a drug-related offense with a maximum penalty of ten or more years of imprisonment), under the federal Sentencing Guidelines,[4] the maximum sentence which he, in fact, would be exposed to would be less than ten years. The defendant essentially also argued that even if the presumption applied, he presented sufficient evidence to rebut it. The defendant, therefore, requested that the order of detention be vacated and that bail be set. The district court thereafter entered an order which read:

> The maximum term referred to in 18 U.S.C. § 3142(e) is calculated according to the statutory maximum, not the sentencing guidelines. The presumption regarding the defendant's appearance is therefore established, and after full review the Court determines that the defendant has failed to rebut it. The motion is therefore DENIED.

The defendant now seeks review in this court. 18 U.S.C. § 3145(c); Fed.R.App.P. 9(a). He reiterates those arguments presented to the district court.

■ We are not persuaded by the defendant's unsupported underlying contention that the sentence one is likely to receive pursuant to the Sentencing Guidelines is factored into the threshold determination of the applicability of the presumption concerning flight. For one thing, such a contention finds no support in the language of § 3142(e) itself. Section 3142(e) clearly provides that the presumption is triggered solely by the statutory penalty prescribed in the relevant controlled substances statutes. It states that, subject to rebuttal by the defendant, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the defendant committed *"an offense for which a maximum term of imprisonment of ten years or more is prescribed in the [relevant statutes]."* 18 U.S.C. § 3142(e) (emphasis added). Such language (speaking of a *maximum* term) quite naturally implies that one could expect that a defendant charged with an offense triggering the application of the presumption could receive *less* than the maximum term. Nonetheless, the presumption still applies. "The presumption applies to [the defendant] for he fits within its terms." *United States v. Jessup*, 757 F.2d at 387. Section 3142(e) says nothing about this presumption arising only if, in addition to the statutory prescription of ten years or more imprisonment, the defendant would, or even

---

tion, apart from the risk of flight component, insofar as *this* defendant is concerned, as somewhat perfunctory. And we note that the finding by the magistrate that the defendant had failed to rebut the presumption is evidenced solely by an x-mark in a box, to the left of a pre-printed statement that the defendant has failed to rebut the presumption, on a pre-printed Order of Detention Pending Trial form.

We, therefore, treat the order of pretrial detention as, it appears, did the defendant and the district court, that is, as a determination that the defendant failed to rebut the presumption that he posed an undue risk of flight. Accordingly, we limit our discussion of the presumption to that aspect. *See United States v. Jessup*, 757

F.2d 378, 380 (1st Cir.1985) (given the alternative basis of risk of flight for the magistrate's pretrial detention order, the court need not consider the dangerousness provision of the Act or the magistrate's dangerousness finding). Since we are remanding, however, due to the lack of the required written statement of reasons for detention, the issue of the safety of the community, as well as the assurance of the defendant's appearance at trial, remains open for further consideration.

**4.** *See generally Mistretta v. United States,* —— U.S. ——, 109 S.Ct. 647, 102 L.Ed.2d 714 (1989) (upholding the constitutionality of the Sentencing Guidelines).

is likely to, receive a sentence of at least ten years imprisonment.

Second, the fact that the presumption regarding flight is triggered solely by the statutory penalty, irrespective of the actual or likely sentence for a particular defendant, makes sense when viewing the Act as a whole, as well as from a practical standpoint. As we have previously stated, "Congress intended magistrates and judges, who typically focus only upon the particular cases before them, to take account of the more general facts that Congress found." *United States v. Jessup*, 757 F.2d at 384. This is accomplished via the presumption which reflects a Congressional view that the triggering drug offenses are major crimes and that drug offenders pose special risks of flight. *Id.* Thus, the presumption arises because the crimes with which the defendant is charged are, in general, serious narcotic offenses, (evidenced by a substantial penalty), warranting, in general, a presumption of an incentive to flee before trial. It does not arise because any particular defendant is or is not likely to receive a sentence of ten or more years imprisonment upon conviction.

Determining that the presumption applies solely from the type of crime charged (probable cause to believe person has committed narcotics offense carrying a penalty of ten or more years imprisonment) serves a practical purpose as well. The defendant contends that pursuant to the Sentencing Guidelines he could not be sentenced to ten years imprisonment. But it is far too premature to assert with any certainty prior to trial what subsequent information may be revealed which could impact on any later sentencing. Examples which readily come to mind include the possibility that although at the time of the detention hearing it appeared that the defendant has no prior criminal record, further research could prove that false, or facts may come to light concerning the number of persons involved or the defendant's role in the offense such that an increased adjustment to any sentence might be warranted. Even taking the facts to be as the defendant asserts them, we note that the Sentencing Guidelines are just that—*guidelines*. Sentenc-

ing judges are authorized to depart from the guidelines and sentence outside the range prescribed therein as appropriate. 18 U.S.C. § 3553(b). We believe it is both purely speculative and impractical to require a magistrate or district court judge to make a determination, prior to trial and in advance of the development of facts, of the maximum sentence a defendant would receive after conviction.

█ Having said that, however, we, nonetheless, believe that the characteristics that the defendant champions, *e.g.*, no criminal record, and the likelihood that he would actually receive less than ten years imprisonment if convicted, are relevant to the issue of pretrial detention. While we disagree with the defendant's proposition that these characteristics make the presumption *inapplicable*, we believe they are relevant to the *weight* that a magistrate or district court judge gives to the presumption. *See United States v. Jessup*, 757 F.2d at 387. The presumption applies because the defendant fits within its terms, *i.e.*, there is probable cause to believe he has committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S. 951 *et seq.* However, as we addressed a similar argument in the *Jessup* case:

> The Act allows him to present all the special features of his case directly to the magistrate. The less those features resemble the congressional paradigm, the less weight the magistrate will likely give to Congress's concern for flight. The individual characteristics of a case and the precise weight to be given the presumption are matters for a magistrate to take into account within the framework of factors set out in § 3142. In other words, [the defendant's] argument goes not to the applicability of the presumption but rather to the weight that should properly be accorded it.

*Id.*

█ Although the defendant argued in rebuttal to the presumption of risk of flight, we do not know on what basis the magistrate nonetheless concluded that the

government had carried its burden of persuading him that pretrial detention was warranted. *United States v. Palmer-Contreras*, 835 F.2d 15, 17–18 (1st Cir. 1987) (per curiam) (defendant has burden of production; burden of persuasion remains with the government). The order of pretrial detention contains only the conclusory statement that the defendant had failed to rebut the presumption. The order fails to include, as required by 18 U.S.C. § 3142(i), "a written statement of the reasons for the detention." *See also United States v. Salerno*, 481 U.S. 739, 752, 107 S.Ct. 2095, 2104, 95 L.Ed.2d 697 (1987). Likewise, the district court order, although reciting that the court had made a "full review", merely states that the defendant had failed to rebut the presumption that no condition or combination of conditions will reasonably assure his appearance as required. Without the required written statement supporting the detention by either the judicial officer initially considering the matter or the district court upon motion for revocation, we simply cannot undertake any meaningful appellate review. We therefore remand to the district court. On remand, we anticipate that the district court will direct the magistrate to supplement the detention order with the written statement of the reasons for the detention as required by 18 U.S.C. § 3142(i). Alternatively, the district court, in its discretion, may find it appropriate for either the magistrate or itself to conduct a supplemental evidentiary hearing. We express no view on the adequacy or preference of one option versus the other, *i.e.*, entering written reasons supporting the original detention decision or holding a further hearing. Likewise, we expressly take no view at this time on the merits of the underlying question of this defendant's pretrial detention.

In conclusion, therefore, we agree with the district court insofar as it determined that the presumption of 18 U.S.C. § 3142(e) is applicable to the defendant, but remand for further consideration due to a lack of a written statement of the reasons for the detention.

Because any appeal from a pretrial detention order will likely be mooted by the defendant's trial, (which, it appears, will commence in a short time hence, the exact date of which, however, is more apparent to the district court than to us), we anticipate that the district court will act without undue delay in accordance with this opinion. The district court is directed to transmit promptly to us any supplemental ruling on this matter. If, in light of such supplemental ruling, a further memorandum from the defendant is appropriate, such memorandum should be filed at that time with this court.

*Remanded.*