915 F.2d 1556
 Unpublished Disposition
NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
UNITED STATES of America, Appellee,
v.
Rolando SOLIS-SIERRA, Defendant, Appellant.
 No. 90-1724.
 United States Court of Appeals, First Circuit.
 Sept. 6, 1990.
 
 Appeal from the United States District Court for the District of Puerto Rico, Carmen C. Cerezo, District Judge.
 Joseph C. Laws, Jr., Esq. on brief, for appellant.
 Daniel F. Lopez Romo, United States Attorney and Edwin O. Vazquez, Assistant United States Attorney, on brief, for appellee.
 D.P.R.
 AFFIRMED.
 Before CAMPBELL, TORRUELLA and CYR, Circuit Judges.
 PER CURIAM.
 
 
 1
 This is an appeal from the pretrial detention of appellant, Rolando Solis-Sierra, pursuant to 18 U.S.C. Sec. 3142(e). This section provides that:
 
 
 2
 "[s]ubject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.)....
 
 I.
 
 3
 On June 27, 1990, appellant was charged with conspiracy to possess with the intent to distribute "multi-kilo" quantities of cocaine, a Schedule II narcotic controlled substance, in violation of 21 U.S.C. Secs. 841(a)(1) and 846. The alleged amount of cocaine defendants arranged to purchase was between 15 and 75 kilograms. They were to purchase the cocaine for between $400,000 and $1,500,000. Conviction for this offense carries with it a maximum term of imprisonment of ten years or more.
 
 
 4
 On June 4 and 5, 1990, appellant had appeared for a detention hearing before a United States Magistrate. He was ordered detained without bail pending trial. On June 11, 1990, the magistrate issued a written order of detention with additional findings. In this order, the magistrate described the testimony received at the detention hearing. As for appellant, he was present at one meeting on May 24, 1990 in which the cocaine was examined. Appellant also was present at the meeting in which the exchange of money ($400,000) for the purchase of the cocaine was to be executed.
 
 
 5
 To rebut the presumption of flight contained in 18 U.S.C. Sec. 3142(e), appellant presented the fact that he had no prior criminal record and that he held a job with the Puerto Rico Lottery for the past four and a half years. The magistrate noted that no family members were available to testify on appellant's behalf, but that appellant had been living at the Canales housing project for seven months. He also found that appellant did not have property to post as bond or other significant financial resources. The magistrate concluded, at this time, that there were insufficiently "close and strong family ties" that could guarantee that appellant was not a risk of flight or a danger to the community.
 
 
 6
 On June 19, 1990, counsel filed a motion for reconsideration of the detention order. In the motion, appellant explained that, as his parents had been unable to attend the pretrial hearing, the magistrate could not have made the "most educated" determination. Appellant also argued that the case against him was weak. He then presented the following evidence:
 
 
 7
 (1) a letter from the Departamento de Hacienda that he had worked there as a key punch operator since October 16, 1985;
 
 
 8
 (2) a sworn statement by appellant's girlfriend that she is under legal age, has lived with appellant for three years, has one child with him and is expecting a second, presently lives at her grandmother's residence with appellant, but expects to live with appellant's parents on a permanent basis;
 
 
 9
 (3) a sworn statement by appellant's aunt that she would post her house (worth approximately $53,446) as a guarantee of bail; and
 
 
 10
 (4) sworn statements by appellant's mother and father that if released on bail appellant, his girlfriend and their child would reside with appellant's parents.
 
 
 11
 Appellant argued that it would be "improbable and illogical" for him to flee given the weak nature of the case against him, his strong family ties and his steady job. He stated that he would not risk losing the above by fleeing, especially since he had no money and nowhere to go. He requested the court to allow his family to post reasonable bond so that he could continue to work in order to support his girlfriend and child. In the alternative, appellant asked for a hearing to discuss the reconsideration request.
 
 
 12
 On June 20, 1990, the district court denied the motion. It stated that it had reexamined the file and that appellant had not made a showing of sufficient magnitude so as to overcome the presumption that he was not a danger to the community or did not pose a risk of flight. Specifically, the court pointed out that the penalties for involvement in a conspiracy to purchase between 50 and 75 kilograms of cocaine involve "substantial incarceration." It also noted that the sentencing guidelines, assuming no criminal history, mandated imprisonment for a term of years ranging from 15.6 to 19.5. Under these circumstances, the court concluded, appellant's "kind of argument" did not discharge his burden.
 
 II.
 
 13
 On appeal, appellant argues that the court erred in denying the motion for reconsideration without first holding a hearing so that evidence unavailable at the first hearing could be presented. He also argues that the court failed to consider appellant's case on an individual basis, erred in engaging in a perfunctory analysis and did not make adequate findings to substantiate its decision.
 
 
 14
 As for not holding another hearing, appellant does not specify what other evidence, in addition to that submitted with the motion for reconsideration, he would have presented at the hearing. Indeed, it is apparent from appellant's brief that there was no "new" evidence that would have been presented at another hearing. Therefore, the court did not err in not holding a hearing to receive information it already had before it.
 
 
 15
 The presumption of dangerousness and flight in Sec. 3142(e) shifts the burden of production to appellant and requires him to introduce some evidence to the contrary. United States v. O'Brien, 895 F.2d 810, 815 (1st Cir.1990). The burden of persuading the court that no conditions will reasonably assure appellant's presence at trial rests with the government. Id. Even when a defendant comes forth with some evidence, the presumption remains as a factor for the court to consider in its detention decision. Id.
 
 
 16
 This court gives the district court's determination an "independent review with deference to the findings of the district court." Id. at 812. To enable us to conduct this review, the district court is required to include in a detention order "written findings of fact and a written statement of the reasons for the detention...." Sec. 3142(i); see also F.R.A.P. 9(a); United States v. Moss, 887 F.2d 333, 338 (1st Cir.1989) (per curiam ). The factors the court shall consider are listed in Sec. 3142(g) and include the nature of the offense charged, the weight of the evidence against the defendant and the defendant's character, family ties, financial resources, employment, length of residence in and connection to the community, past criminal history and the nature of the danger to the community should release be ordered.
 
 
 17
 We first note that, although the court made a specific finding that the penalties for involvement in a conspiracy to purchase between 50 and 75 kilograms of cocaine involve "substantial incarceration,"[1] the court could have been more helpful if it had included in its written statement of the reasons for detention a discussion of the other factors mentioned in Sec. 3142(g). We refer specifically to the arguments in appellant's motion to reconsider concerning the issues of family ties, employment and financial resources.[2]
 
 
 18
 Here, however, we do not believe remand appropriate for two reasons. First, the court did list one specific reason for detaining appellant pending trial--the substantial penalties involved if appellant is convicted of the offense charged. Second, our independent review reveals that this case falls within the parameters of United States v. Palmer-Contreras, 835 F.2d 15 (1st Cir.1987) (per curiam ).
 
 
 19
 In Palmer-Contreras, both defendants had always resided in Puerto Rico, were married, had children and had relatives willing to post property, worth between $40,000 to $50,000, to secure bail. One defendant held a steady job, the other supported his family with food stamps and some income from a part-time business. One defendant had no prior criminal record, the other one did. The defendants were the only two occupants of a boat that, when searched, was found to contain 195 kilograms of cocaine.
 
 
 20
 In affirming the district court's detention order, we pointed out that the amount of cocaine, worth over $7,000,000, supported the court's inference that the defendants were connected to a large narcotics organization. Id. at 18. We rejected the defendants' arguments that the court misapplied Sec. 3142(e)' § presumption because of their minor roles as "mules", the weak case against them, the lack of prior drug convictions and their strong family ties to Puerto Rico. Id.
 
 
 21
 As in Palmer-Contreras, appellant has family ties, no prior criminal record and a job. However, despite the allegedly weak case against appellant, the fact remains that a government witness placed appellant at the scene of two meetings held in furtherance of the conspiracy, including the one at which the purchase of the cocaine was to take place. Although the amount of cocaine at stake is not as large as the amount of cocaine found in the possession of the Palmer-Contreras defendants, it is by no means indicative of a small transaction. Rather, one probably can infer that only an organization with substantial resources could handle such a transaction.
 
 
 22
 Finally, appellant mentions for the first time on appeal that he is willing to wear an electronic monitoring bracelet. Having not raised this issue below, he may not raise it now. Cf United States v. Bayko, 774 F.2d 516, 517 (1st Cir.1985). Nonetheless, we considered this as a positive factor in affirming the release of a defendant pending trial in O'Brien. See 895 F.2d at 815-16. However, appellant presents no evidence concerning the use of the bracelet in Puerto Rico. Such an offer, then, cannot serve in this case to rebut the presumption of flight.
 
 
 23
 We therefore conclude that the district court did not err in continuing to give substantial weight to the presumption in Sec. 3142(e), even given appellant's proffer of evidence in rebuttal.
 
 
 24
 The detention order is affirmed.
 
 
 
 [1]
 Reliance on the Sentencing Guidelines by themselves is insufficient, although they are a factor the court may consider. See Moss, 887 F.2d at 337
 
 
 [2]
 The other "finding" by the court included a conclusory statement that "[t]his record does not support a showing by defendant[ ] of such a magnitude as to overcome the presumption that persons, when involved in this kind of drug offense, are not dangerous to the community or do not oppose a risk of flight." The court also made a superficial statement that "the burden on the part of the defendant[ ] cannot be discharged with the kind of argument made in the motion[ ] filed by ... [appellant]." In Moss, we remanded a detention order which only contained a conclusory statement that, after a full review, the defendant had failed to rebut the presumption. See 887 F.2d at 337-38