January 12, 1993 [NOT FOR PUBLICATION]

UNITED STATES COURT OF APPEALS

FOR THE FIRST CIRCUIT

___________________

No. 92-2324

 

UNITED STATES,

Appellee,

v.

NOEL FEMIA,

Defendant, Appellant.

 __________________

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Rya W. Zobel, 
U.S. District Judge
]

___________________

Before

 Selya, Cyr and Boudin, 

Circuit Judges
.

__________________

James E. Carroll
, 
John J. O'Connor
 and 
, on brief for appellant.

A. John Pappalardo
, United States Attorney, and 
Heidi E. Brieger
, Assistant United States Attorney, on brief for appellee.

__________________

__________________ 

Per Curiam
. 
 Noel Femia appeals an order by the district court denying him bail. We affirm.

I. 
Facts

The magistrate then asked counsel for Femia and the government whether there were any other issues to be addressed, to which both counsel responded that there was "nothing further."

proffered

The district court did not grant Femia's request for a hearing, but in a marginal order stated that "[g]iven the Magistrate-Judge's findings as to the seriousness of the offense charged, the weight of the government's evidence and defendant's fugitive status for a period of years, the detention order is hereby adopted by this court."

de
 
novo
 review required by our decisions. In the alternative, Femia argues that, on the merits, he should not have been detained. In an appendix, Femia has submitted to this court the transcript of the Florida proceedings upon which we have based our summary of those proceedings.

II. 
Discussion

A. 
The Hearing in Florida

Contrary to Femia's allegation, the transcript makes clear that the magistrate held a detention hearing in Florida.
1:
We need not address the motion to strike the affidavit submitted by the government in explanation of the nature of the Florida proceedings, as the affidavit is unnecessary to resolution of the issues raised on appeal.

See
 
United States
 v. 
Dillon
United States
 v. 
Vargas
, 804 F.2d 157, 162-63 (1st Cir. 1986). Neither presumption was rebutted by Femia. Femia's objection that a judicial officer may not order detention on the basis of a mere proffer of evidence by the government is simply not correct. 
See
 
United States
 v. 
Acevedo-Ramos
see
 
also
 
United States
 v. 
Gaviria

review
 of the magistrate's decision denying bail and a hearing in connection with that review. We turn now to the district court's decision.

B. 
The District Court's Decision

We have stated that a district court is to engage in 
de
 
novo
 review of contested detention orders. 
United States
 v. 
Tortora
, 922 F.2d 880, 883 n.4 (1st Cir. 1990). 
De
 
novo
 review requires the court to exercise independent consideration of the facts properly before it and to include written findings of fact and a written statement of the reasons for the detention. 
United States
 v. 
Gaviria
, 828 F.2d 667, 670 (11th Cir. 1987). However, the statutory requirement of a written statement of reasons is satisfied and meaningful appellate review is provided if either the magistrate who issues the order or the district court which reviews the order provides a statement of reasons. 
See
 
United States
 v. 
Moss
, 887 F.2d 333, 338 (1st Cir. 1989). If the district court agrees fully with the magistrate's order and reasons, it may adopt the order. 
United States
 v. 
King
See
 
Moss
, 887 F.2d at 338.

Femia's motion for review of the magistrate's decision stated that the magistrate had made no findings of fact and objected that the government had not 
presented
 its evidence. In addition, Femia's motion represented that Femia's mother was willing to post her real estate as collateral to secure a bond for his release. However, no statement by Femia's mother was provided, nor did the motion indicate the value, nature or location of the real estate.
2:
On appeal, Femia states that his mother is a Massachusetts resident and that the real estate in question is her home, but those facts were not proffered to the district court.

 The motion further stated that Femia agreed "to be bound by whatever other condition of release this Court deems appropriate" and that "there are conditions or a combination of conditions which would assure the presence of the defendant and the safety of the community." The motion made no suggestion as to what those conditions might be, however.

The district court adopted the magistrate's detention order. The court referred to the seriousness of the charges against Femia, the weight of the government's evidence, and Femia's "fugitive status for a period of years." Given its adoption of the magistrate's order, which stated the magistrate's findings of fact and reasons for ordering detention, the court's statement of reasons was adequate. The detention order was based on the unrebutted legal presumption arising under Section 3142. Absent evidence to rebut the presumption, 
see
 
United States
 v. 
Jessup
, 757 F.2d 378, 384 (1st Cir. 1985), there was no basis for revoking the magistrate's order. Femia's representation that his mother would offer her real estate as collateral did not constitute a sufficient basis to overcome the presumption. 
See
 
United States
 v. 
Perez-Franco
see
 
also
 
United States
 v. 
Harris
, 732 F. Supp. 1027, 1033 (N.D. Cal. 1990) (detainee's argument that he would enter a drug rehabilitation program and that his aunt, with whom he had lived for twelve years, would post $100,000 home as security, insufficient to rebut Section 3142(e) presumption).

i.e.
, that he was a danger to the community and presented a risk of flight.
3:
The government need not establish both grounds to justify detention. 
See
 
United States
 v. 
Dillon
, 938 F.2d 1412, 1417 (1st Cir. 1991).

 First, he asserts that "there is no dispute that [his] alleged drug related activities concluded over six years ago and did not continue until the present day" and that "there is nothing to suggest that defendant is capable of engaging in any type of drug trafficking today." Neither claim has any support in the record, which contains no information whatever about Femia's activities while a fugitive or about Femia's ability, if released, to resume his alleged drug activities.

Femia also disputes the finding that he poses a risk of flight. Like the district court, we have little difficulty concluding that Femia's uncontroverted flight from prosecution and his use of aliases amply supported this finding.

Affirmed
.