7 F.3d 219
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
UNITED STATES, Appellee,
v.
Michael SULLIVAN, Defendant, Appellant.
 No. 93-1856.
 United States Court of Appeals,
First Circuit.
 September 22, 1993
 
 APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Donald E. Walter,* U.S. District Judge]
 Richard E. Bachman on brief for appellant.
 A. John Pappalardo, United States Attorney, and Paula J. DeGiacomo, Assistant United States Attorney, on brief for appellee.
 D.Mass.
 AFFIRMED.
 Before Cyr, Boudin and Stahl, Circuit Judges.
 Per Curiam.
 
 
 1
 Defendant Michael E. Sullivan appeals from an order of pretrial detention imposed pursuant to 18 U.S.C. § 3142(e). He is charged with conspiring to distribute marijuana under 21 U.S.C. §§ 841(a), 846. The facts are sufficiently set forth in the report of the magistrate judge determining that the defendant had been shown to pose both a danger to the community and a risk of flight. The pre-trial services report so recommended and the magistrate-judge's report was affirmed by the district court without separate opinion.
 
 
 2
 The defendant's principal attack is upon the invocation of the rebuttable presumption contained in 18 U.S.C. § 3142(e). This provision states in part that, whenever there is probable cause to believe that a person committed a drug offense carrying a maximum prison term of ten years or more, a presumption arises that he poses a risk of flight and a danger to the community. The defendant argues that, assuming conviction, his sentence under the Sentencing Guidelines would depend on the amount of marijuana handled by or reasonably foreseen by him, see, e.g., United States v. Valencia-Lucena, 988 F.2d 228, 233-35 (1st Cir. 1993), and that the government offered no evidence to this effect at the detention hearing. The presumption is triggered, however, not by defendant's likely penalty under the Guidelines, but rather by the maximum prison term prescribed by statute for the offense charged. See, e.g., United States v. Moss, 887 F.2d 333, 337 (1st Cir. 1989) (per curiam). To that extent, the defendant's position is mistaken.
 
 
 3
 Yet the maximum term of imprisonment in this case is not readily determined by looking at the statute, since the statutory maximum itself varies. The penalty provisions in 21 U.S.C. § 841(b) contain a series of maximums-some more and some less than ten years-depending on the type and quantity of drugs. Marijuana offenses, in particular, carry a maximum term of ten years or more only if 50 or more kilograms were involved. Compare id. § 841(b)(1)(A)-(C) with id. § 841(b)(1)(D). The presumption would thus apply here only if there were probable cause to believe that defendant was accountable for at least that quantity of marijuana.
 
 
 4
 For purposes of triggering the presumption, of course, the indictment ordinarily suffices to establish probable cause to believe that a defendant committed the offense charged. See, e.g., United States v. Dillon, 938 F.2d 1412, 1416 (1st Cir. 1991) (per curiam); United States v. Vargas, 804 F.2d 157, 163 (1st Cir. 1986) (per curiam). The one-count indictment here, which charged seventeen individuals with conspiracy to distribute marijuana, did set forth the quantity of drugs involved: a closing paragraph stated that "[t]he conspiracy charged above involved more than 1000 kilograms of marijuana...." Yet it is open to dispute whether this paragraph is deserving of the same weight as is accorded the charging paragraphs in an indictment for purposes of § 3142(e). The paragraph appeared on a separate sheet of paper under the heading "notice of applicability." Its purpose was to apprise the defendants of possible penalties. And a description of drug quantity is not necessary to the validity of the indictment inasmuch as it is not an element of the offense under 21 U.S.C. §§ 841(a) & 846. See, e.g., United States v. Royal, 972 F.2d 643, 649-50 & n.11 (5th Cir. 1992); United States v. Barnes, 890 F.2d 545, 551 n.6 (1st Cir. 1989). Accordingly, while the indictment would likely trigger the presumption if combined with independent proof that the amount of marijuana attributable to defendant (personally or vicariously) was 50 kilograms or more, it is less clear that the indictment by itself suffices to do so.
 
 
 5
 We are reluctant to decide this esoteric point since it has neither been addressed below nor been briefed in this court. At the same time, we are reluctant to treat the issue as waived. Although it has not been specifically raised by defendant, the issue is akin to that advanced on appeal: i.e., whether proof of the quantity of drugs was required in order to establish the likely Guidelines sentence. Under these circumstances, we would be inclined to call for further briefing or remand the matter for further consideration if the validity of the detention order turned, as the defendant assumes, on the propriety of invoking the presumption.
 
 
 6
 Our review of the record persuades us, however, that the detention order can be sustained without reliance on the presumption-the same conclusion apparently reached by the magistrate judge.[1] The evidence as to risk of flight includes the following. Among defendant's numerous criminal involvements are two convictions in Florida for failure to appear (for which defendant received a sentence of confinement in each instance) and at least one criminal default in Massachusetts. He was once convicted for violating the terms of probation, and a warrant was outstanding at the time of his arrest for a second such violation. Although a native and long-time resident of Massachusetts, defendant has spent considerable time in Florida and California. He is unmarried, has no children, owns no real estate, and has limited family ties to Massachusetts; his only in-state relative is a brother. He has worked at his current job, and lived at his current address, for only three years. The magistrate judge found that he had been less than fully candid when interviewed by pre trial services. And he is charged with a serious narcotics violation, carrying a potentially lengthy term of imprisonment.
 
 
 7
 To be sure, there was evidence in defendant's favor-including his mother's proximity in New Hampshire, his job status, lack of criminal involvement in the past four years, and alleged progress in his recent rehabilitation from alcohol problems. Yet we think the magistrate judge was justified in finding these factors outweighed by those enumerated above; the various instances in which defendant has failed to appear in criminal cases strike us as particularly noteworthy. In addition, following the magistrate judge's decision, defendant's mother proposed to the district judge to post as security a $35,000 piece of property in New Hampshire. Yet this proposal, in our view, fails to swing the balance in defendant's favor. In particular, even without resort to the statutory presumption, it is reasonable to infer from the number of persons and quantity of drugs charged that defendant is part of a drug organization that might readily absorb the loss of such security. See, e.g., Dillon, 938 F.2d at 1416-17.
 
 
 8
 Having conducted an independent review tempered by deference to the findings below, see, e.g., United States v. O'Brien, 895 F.2d 810, 812-14 (1st Cir. 1990), we conclude that the government has established by a preponderance of the evidence that no conditions of release would reasonably assure defendant's appearance. See, e.g., United States v. Patriarca, 948 F.2d 789, 793 (1991) (risk of flight need only be proven by preponderance of evidence); Dillon, 938 F.2d at 1416 (same).
 
 
 9
 Affirmed.
 
 
 
 *
 Of the Western District of Louisiana, sitting by designation
 
 
 [1]
 The magistrate judge expressly invoked the presumption in finding that defendant posed a danger to the community. In later finding that he also posed a risk of flight, however, she made no reference thereto, instead confining her discussion to the evidence at hand. While we cannot be certain that the magistrate judge did not at least implicitly rely on the presumption in finding defendant a flight risk, her decision as written does not do so