USA v. Burke                           CR-96-050-M   10/11/96
               UNITED STATES DISTRICT COURT FOR THE
                     DISTRICT OF NEW HAMPSHIRE


United States of America

     v.                                  Criminal No. 96-50-1-5-M

Stephen Burke, Matthew McDonald,
Patrick J. McGonagle, Michael K.
O'Halloran, and Anthony Shea


                        DETENTION ORDER


     Defendants Patrick J. McGonagle and Michael K. O'Halloran

move for de novo review of the Magistrate Judge's order of

pretrial detention.  The court has independently reviewed the

transcripts of the detention hearings held before the Magistrate

Judge, the evidence and materials presented before the Magistrate

Judge, the evidence and materials presented to the court, the

Pretrial Services Reports, and the argument of and supporting

memoranda filed by respective counsel.  The court has also

reviewed and considered the government's Second Supplemental

Memorandum (document no. 119) and appended ex parte sealed

affidavit and exhibits relative to Defendant McGonagle.[1]

---

[1] The court reviewed the affidavit and appended material in
camera, based upon the government's contention that this case is
unusual and upon its having provided strong special reasons for
keeping its evidentiary sources confidential at this juncture,
particularly relative to witness protection.  The court agrees

In considering bail requests, the court is obligated, first, to determine whether the government has shown that the defendant poses a danger to the community and/or a risk of flight. If the defendant presents no danger to the community and no risk of flight, then the defendant is entitled to be released on personal recognizance or unsecured appearance bond. 18 U.S.C.A. § 3142(b). If the government demonstrates that defendant does pose a danger to the community and/or a risk of flight, then the court must consider whether any condition or combination of conditions could be imposed that would reduce those risks to an acceptable level. If so, the defendant is entitled to release on conditions; if not, he must be detained pending trial.

## I. __Defendant Michael K. O'Halloran__

As the Magistrate Judge noted in his detention order (document no. 47), O'Halloran has been indicted on thirteen counts, charging him with, _inter_ _alia_, robbery, bank robbery,

---

that the government's reasons for maintaining confidentiality are strong and valid, and the court also agrees that defendant, at least tacitly, invited this procedure. See _e.g._ Defendant's Request for _De Novo_ Review of Order of Detention Pending Trial by Magistrate Judge (document no. 61), p. 6. The affidavit and materials relate primarily to the nature and circumstances of one of the charged offenses — the Hudson armored car robbery — and defendant's alleged participation in that crime. See _United States v. Acevedo-Ramos_, 755 F.2d 203, 207-08 (1st Cir. 1985).

conspiracy to commit robbery, carjacking, and use of firearms during the commission of a crime of violence.

The court finds that the government has shown by clear and convincing evidence that O'Halloran poses a danger to the safety of the community. And, based upon the record the court finds that the government has shown, by a preponderance, that he poses a substantial flight risk, particularly given the fact that defendant if convicted will face sentence that could amount to life imprisonment.

The basic issue before the court, then, is a familiar one under the Bail Reform Act, 18 U.S.C. §§ 3141 et seq.: "[W]hether there are conditions of release that will reasonably assure the appearance of the [defendant] as required and the safety of any other person and the community." 18 U.S.C.A. § 3142(g). Because O'Halloran has been charged with violations of 18 U.S.C.A. § 924(c) (Counts Six and Twelve), and because the indictment and the government's proffer lead the court to find that probable cause exists to believe that O'Halloran committed an offense under § 924(c), a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the defendant's appearance as required (risk of flight) and safety of

3

any other person and the community (dangerousness). 18 U.S.C.A. § 3142(e); United States v. Moss, 887 F.2d 333 (1st Cir. 1989).

The court agrees with and adopts the Magistrate Judge's analysis and findings as set out in his detention order (document no. 44). Considering the relevant factors, that is, 1) the nature and circumstances of the offenses charged, 2) the weight of the evidence against the defendant, 3) the history and characteristics of the accused, including family ties, past conduct, financial resources, employment and criminal history, and 4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release, I independently find that no condition or combination of conditions could be imposed that would reasonably assure either the defendant's appearance as required or the safety of the community.

That O'Halloran has a large family, ties to the community in which he lives, appeared prior to indictment as required by subpoena, and did not flee, are all factors that militate to some degree in favor of finding that he might be counted on to appear as required if released on bail. O'Halloran has also offered to submit to monitoring by means of an electronic monitoring bracelet. That offer might usually support a finding that some

4

combination of conditions could be imposed to assure a defendant's presence as required, but, the offer is not of great weight under these circumstances. A monitoring bracelet does not function as an impediment to flight. Rather, it serves principally as a means for providing early warning to the government after the wearer has in fact fled. See e.g. United States v. Tortora, 922 F.2d 880, 887 (1st Cir. 1990); United States v. O'Brien, 895 F.2d 810, 816 (1st Cir. 1990) ("We conclude that the evidence concerning the effectiveness of the [active] bracelet alone only arguably rebuts the presumption of flight.") Early notice of flight is probably better than delayed notice, but early notice that the likelihood of flight has blossomed into actual flight is entirely beside the point of this inquiry; it is defendant's actual flight risk that needs to be assessed and protected against. A monitoring bracelet offer may tip the balance in some cases, for example it might serve to establish a defendant's credible commitment not to flee, but it does not do so here.

If he is convicted, O'Halloran faces a potential sentence to life imprisonment, a prospect which, for him, is much more realistic and palpable now than it was before his indictment. That he did not flee prior to indictment is relevant, but the

enormity of the sentence he now realistically faces would, in the court's judgment, likely motivate him to flee to avoid that outcome, even if his flight meant forfeiture of substantial amounts of money or property posted by family or friends as bond.

O'Halloran also poses a very real danger to the community. Defendant's criminal record persuasively establishes his propensity for violence and criminal conduct, including as it does, convictions for armed robbery, assault and battery, assault with a dangerous weapon with intent to murder, and conspiracy. This defendant is a veteran criminal with a demonstrated propensity for violence. The indictment in this case, too, charges violent offenses, including offenses during which dangerous weapons were allegedly used and innocent people murdered. No reasonable person could reach any conclusion on this record but that O'Halloran, if released on bail, would pose a substantial threat and danger to the safety of the community in terms of the likelihood of his committing additional violent crimes, and particularly with regard to potential threatening conduct toward persons within the community who may have information relevant to this prosecution.

Accordingly, the court finds: 1) O'Halloran has not rebutted the statutory presumption favoring detention; 2) by at

6

least a preponderance of the evidence, considering the entire record, O'Halloran would pose a substantial flight risk if released on bail; 3) by clear and convincing evidence that O'Halloran poses a substantial threat and danger to the safety of the community; and 4) that no condition or combination of conditions of release could be imposed that would reasonably assure either O'Halloran's presence as required or the safety of people in or the community itself. O'Halloran shall be detained pending trial.

## II.  Defendant Patrick J. McGonagle

Like O'Halloran, Defendant McGonagle seeks de novo review of the Magistrate Judge's detention order, arguing that the record discloses his strong family and community ties, longstanding residence in the Boston area, history of employment, lack of criminal convictions since 1979, and spotless record while on parole from an earlier sentence. McGonagle also points out that he had ample opportunity to flee prior to his indictment in this case. He knew that the F.B.I. suspected his involvement in at least one of the robberies charged, but he did not flee. In fact, he twice responded to grand jury subpoenas, voluntarily providing hair samples and fingerprints to investigators.

7

Accordingly, he argues that the Magistrate Judge erred in ordering his detention pending trial, and claims that he should be released on bail subject to appropriate conditions.

Also like O'Halloran, McGonagle is charged in the indictment with having committed a number of serious crimes, including, inter alia, conspiracy to commit armed robbery, bank robbery, carjacking, and use of firearms during the commission of a violent crime. The grand jury found probable cause to believe McGonagle committed an offense in violation of 18 U.S.C. § 924(c) (use of a firearm in furtherance of a crime of violence), and, based on the record presented, the court finds that there is probable cause to believe that McGonagle committed an offense under section 924(c). Therefore, a rebuttable presumption in favor of detention also arises as to him. 18 U.S.C.A. § 3142(e).

Without question McGonagle would, if released, pose both a danger to the community and a risk of flight. The violent nature of one of the crimes charged, the Hudson armored car robbery, in which two innocent people were murdered, as well as defendant's past felony record, and his close association over the years with others with like records of violent offenses, clearly and convincingly establishes that this defendant would likely engage in criminal activity of a violent nature if released. Those

8

factors also strongly suggest that McGonagle could realistically be expected to attempt to identify and intimidate people in the community who might have information relevant to this prosecution. Even absent a presumption of detention based on section 924(c), I would still find on balance that the government has shown by clear and convincing evidence that McGonagle does pose a substantial danger to the community.

Moreover, the government has also shown that defendant poses a substantial flight risk. If convicted on Count Eight (bank robbery) or Eleven (carjacking), this defendant faces a potential sentence to life imprisonment, and if convicted of virtually any of the other offenses charged against him he will face periods of imprisonment that, as a practical matter, could amount to life imprisonment given his age (57). Under these circumstances, flight is a substantial risk, despite defendant's family ties and preindictment appearances.

Therefore, the essential issue is whether any condition or combination of conditions of release could be imposed that would reasonably assure the appearance of this defendant as required and the safety of the community. Considering the relevant factors, that is, 1) the nature and circumstances of the offenses charged, 2) the weight of the evidence against the defendant, 3)

the history and characteristics of the accused, including family ties, past conduct, financial resources, employment and criminal history, and 4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release, I independently find that no condition or combination of conditions could be imposed that would reasonably assure either the defendant's appearance as required or the safety of the community.

As mentioned, the crimes charged are serious felonies, including a violent robbery in which two innocent people were murdered. People capable of such crimes are certainly capable of inflicting harm on the community in similarly violent ways, and certainly pose a danger to members of the community who might have information relevant to this case, whether those persons are actually cooperating with the government or not. The indictment provides probable cause to believe that McGonagle is capable of such crimes and his past record and the government's proffer support that conclusion. The weight of the evidence against the defendant is substantial.

McGonagle's said history and personal characteristics are hardly laudable given his felony record and demonstrated propensity for continuing criminal associations. His family ties

and community ties are intact but unremarkable, and his employment history is cloaked in ambiguity. While he, too, offered to submit to a warning bracelet, imposition of such a condition, would not reasonably assure that McGonagle would not flee (see discussion above relative to O'Halloran). None of the "favorable" factors pointed to by defendant, alone or in combination, would likely outweigh the natural compulsion for a 57 year old accused criminal, tied by substantial evidence to very serious violent crimes, to flee to avoid a potential sentence to life imprisonment. McGonagle is single, does not have minor children or a home to maintain such that he might feel constrained to stay in the area and of course lives close to Logan International Airport.

On balance then, for the reasons set forth in the Magistrate Judge's detention order, which is hereby adopted, and for the reasons set out above, I find by a preponderance of the evidence that McGonagle poses a substantial risk of flight, and, I find by clear and convincing evidence that McGonagle would pose a substantial danger to the community if released. Additionally, I find that no condition or combination of conditions could be imposed that would reasonably assure either McGonagle's presence

11

as required or the safety of the community.  McGonagle shall be detained pending trial.

## Conclusion

Defendants Michael K. O'Halloran and Patrick J. McGonagle shall remain committed to the custody of the Attorney General or her designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendants shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purposes of an appearance in connection with a court proceeding.

SO ORDERED.

_____
Steven J. McAuliffe
United States District Judge

October 11, 1996

12

cc:   United States Probation
       United States Marshal
       David A. Vicinanzo, Esq.
       Peter D. Anderson, Esq.
       Matthew J. Lahey, Esq.
       Bruce E. Kenna, Esq.
       Douglas J. Miller, Esq.
       Michael J. Iacopino, Esq.
       Bjorn R. Lange, Esq.