[NOT FOR PUBLICATION--NOT TO BE CITED AS PRECEDENT]
United States Court of Appeals
For the First Circuit

No. 98-1771

UNITED STATES,

Appellee,

v.

ALBERTO MARTINEZ-TORRES,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Jose Antonio Fuste, U.S. District Judge]

Before

Torruella, Chief Judge,
Boudin and Lipez, Circuit Judges.

Luis A. Medina-Torres on brief for appellant.
Guillermo Gil, United States Attorney, Jose A. Quiles-
Espinosa, Senior Litigation Counsel, and Camille Velez-Rive,
Assistant United States Attorney, on brief for appellee.

SEPTEMBER 8, 1998

Per Curiam. Appellant Alberto Martinez-Torres appeals
from an order of pretrial detention. Having conducted "an
independent review ... tempered by deference to the district
court's firsthand judgment of the situation," United States v.
Bayko, 774 F.2d 516, 520 (1st Cir. 1985), we agree with the
district judge's conclusion that detention is warranted here on
the ground of "dangerousness"--i.e., that "no condition or
combination of conditions will reasonably assure ... the safety
of any other person and the community." 18 U.S.C. 3142(e). 
We therefore affirm.
Appellant, a member of the municipal police force in
Vieques, Puerto Rico, is one of ten law-enforcement officers
charged in a sting operation with providing protection to
purported drug traffickers thought to be transshipping cocaine
through the island. (In fact, the "traffickers" were
undercover FBI agents.) He has been indicted on two counts:
conspiring to possess more than five kilograms of cocaine with
intent to distribute, in violation of 21 U.S.C. 841(a)(1),
846, and carrying a firearm during and in relation to a drug-
trafficking crime, in violation of 18 U.S.C. 924(c)(1). 
After a hearing, the magistrate-judge ordered that appellant be
released subject to stringent conditions--such as that he be
confined to house arrest with electronic monitoring and post a
$40,000 bond. Four other defendants were also granted release
on bail; the remaining five were ordered detained. 
The district judge stayed the five release orders at the
government's request. He thereafter ruled, in a consolidated
opinion, that these defendants (appellant and the four others)
should likewise be detained pending trial. The court deemed it
significant that defendants were charged with abusing their
positions of trust and that firearms were allegedly employed in
the scheme. Of special concern, however, was the prominent
role defendants occupied in the "small community" of Vieques. 
Defendants effectively "controlled" the area. And with their
knowledge of the community and their influence therein, they
were in a position to "coerce and intimidate witnesses" and
otherwise "derail the government's investigation." In the
court's view, clear and convincing evidence had been presented
that appellant and the others would pose an unreasonable risk
of danger "even if released under the most restrictive
conditions." Appellant now seeks review of this ruling,
requesting that the conditions of release imposed by the
magistrate-judge be reinstated. We of course confine our
analysis to appellant's situation.
From the sparse record before us, a number of factors
appear that militate in appellant's favor. A life-long
resident of Vieques, he has been married for fourteen years and
has two children, aged thirteen and twelve. He owns a house
worth approximately $75,000, which he has offered as security. 
He has served as a municipal police officer for the past nine
years. He denies using drugs or owning a passport. He has no
criminal record. In particular, there is no indication that he
participated in earlier, alleged transshipment schemes, or that
he has ever had contact with genuine drug traffickers. From
these facts, one might reasonably conclude that appellant is
unlikely to flee (as was effectively conceded below), and that
he is unlikely to engage in any sort of drug activity if
released on bail (particularly if confined to house arrest). 
Other factors, however, militate in the opposite
direction. The charges, if proven, would constitute a grievous
breach of trust on appellant's part. The evidence against him
is considerable; most of it was obtained through the use of
confidential informants and undercover agents, and much of it
was recorded on tape. He faces significant penalties if
convicted. And the offenses with which he is charged give rise
to a presumption of danger, see 18 U.S.C. 3142(e)--one that,
even if rebutted, would retain some evidentiary weight here,
see, e.g., United States v. Palmer-Contreras, 835 F.2d 15, 18
(1st Cir. 1987) (per curiam).
With regard to the specific risk that appellant might
tamper with witnesses or otherwise impede the investigation,
several points deserve mention. Appellant, even if not one of
the ringleaders of the criminal scheme, played something of a
prominent role; for example, at least two meetings were held at
his residence. Moreover, the court was justified in inferring,
under the circumstances, that appellant would have unusual
access to outside resources and inside information, even if
held under house arrest. Appellant objects that no Vieques
residents have been identified as potential witnesses, but the
court reasonably could conclude that evidence from local
observers might be forthcoming. And the court was obviously
justified in believing, as a general matter, that corrupt law-
enforcement officers pose special risks in this regard. 
Two other points help tip the scale. First, appellant was
allegedly captured on tape proclaiming that he would "kill" any
"squealers." Rather than deny voicing such a threat, appellant
simply dismisses it as a meaningless bit of braggadocio. Yet
no matter how much swaggering was involved, such a
pronouncement cannot be entirely discounted--especially coming
from someone with ready access to firearms. Second, this court
has indicated that two of the proposed conditions of release
here--electronic monitoring and the posting of real estate as
security--are less effective in "dangerousness" cases than in
"flight risk" cases. See United States v. Tortora, 922 F.2d
880, 886-87 & n.8 (1st Cir. 1990).
Appellant's remaining claims likewise prove unavailing. 
He insists that the district court erred in concluding that he
had failed to rebut the statutory presumption of dangerousness. 
Yet no such finding appears in the court's opinion; indeed, the
discussion therein is equally if not more consistent with a
finding that the presumption, although rebutted, remained
relevant. He also complains, from a procedural standpoint,
that the district court failed to adequately delineate the
reasons for its decision. To the contrary, we think the
court's explanation was sufficiently detailed to permit
"meaningful appellate review." United States v. Moss, 887 F.2d
333, 338 (1st Cir. 1989) (per curiam). 
For these reasons, along with others specified by the
district judge, we agree that appellant's detention pending
trial is warranted on the ground of dangerousness.
The motion for oral argument is denied, and the order of
pretrial detention is affirmed.