**UNITED STATES of America,
Plaintiff-Appellee,**

**v.**

**Jorge Enrique GAVIRIA and Jose Elkin Echeverry, Defendants-Appellants.**

No. 87–5517.

United States Court of Appeals,
Eleventh Circuit.

Sept. 3, 1987.

Milton Hirsch, Miami, Fla., for Gaviria.

Samuel J. Rabin, Jr., Miami, Fla., for Echeverry.

Leon B. Kellner, U.S. Atty., Miami, Fla., for plaintiff-appellee.

Before RONEY, Chief Judge, FAY and HATCHETT, Circuit Judges.

HATCHETT, Circuit Judge:

Jorge Enrique Gaviria and Jose Elkin Echeverry appeal the decision of the district court imposing pretrial detention pursuant to 18 U.S.C. § 3142(e). We affirm.[1]

### FACTS

On April 30, 1987, Jorge Enrique Gaviria and Jose Elkin Echeverry were arrested and charged with several Title 21 narcotics offenses. The government requested temporary detention of Gaviria and Echeverry pursuant to 18 U.S.C. § 3142(d) after determining that they were in the United States illegally.

On May 6, 1987, a United States Magistrate conducted a pretrial detention hearing pursuant to 18 U.S.C. § 3142(f) and ordered pretrial detention of Gaviria and Echeverry.[2] The magistrate based the pretrial detention order on risk of flight and dangers posed to the community as authorized by 18 U.S.C. § 3142(e). Gaviria and Echeverry requested a review of the magistrate's order and a *de novo* hearing before the district court, alleging that (1) the magistrate erroneously permitted the govern-

ment to proceed by proffering evidence at the pretrial detention hearing; (2) defense counsel were not permitted to call as a witness the government's case agent, who was present at the detention hearing; and (3) Gaviria and Echeverry were interviewed by immigration agents while in custody without notice to their defense counsel.

The district court, without a *de novo* hearing, affirmed the magistrate's order of pretrial detention noting that the government had met its burden under the Bail Reform Act.

Gaviria and Echeverry urge this court to reverse the district court's order affirming their pretrial detention. They allege that (1) the magistrate erred in allowing the government to proceed by proffer; (2) defense counsel were erroneously prevented from calling the government's case agent as a witness; and (3) the district court erred in failing to conduct a *de novo* review of the pretrial detention proceedings.[3]

### DISCUSSION

We note that this circuit has adopted the plenary standard of review in considering appeals under the Bail Reform Act. *United States v. Hurtado*, 779 F.2d 1467, 1470–73 (11th Cir.1985). Nevertheless, the purely factual findings of the district court remain subject to the clearly erroneous standard. *Hurtado*, 779 F.2d at 1472.

> At the hearing, the person has the right to be represented by counsel and, if financially unable to obtain adequate representation, to have counsel appointed. The person shall be afforded an opportunity to testify, to present witnesses, to cross-examine witnesses who appear at the hearing, and to present information by proffer or otherwise.
>
> . . . .
>
> The facts the judicial officer uses to support a finding pursuant to subsection (e) that no condition or combination of conditions will reasonably assure the safety of any other person

1. This matter came to the court as a "Motion for Bail Pending Trial." We noted that 18 U.S.C. § 3145 provides for an appeal from a pretrial detention order. Under our rules and operating procedures, a single judge may determine a motion for bail pending appeal, but a panel must determine an appeal pursuant to 18 U.S.C. § 3145.

2. Title 18 U.S.C. § 3142(f) provides, in pertinent part, that:

    The judicial officer shall hold a hearing to determine whether any condition or combination of conditions set forth in subsection (c) of this section will reasonably assure the appearance of the person as required and the safety of any other person and the community. . . .
    
    . . . .

3. Gaviria and Echeverry have not raised before this court their contention that various statements made to agents of the U.S. Border Patrol were improperly introduced at the detention hearing.

## I.

Gaviria and Echeverry contend that the magistrate committed error by allowing the government to proceed by proffer at the pretrial detention hearing and by improperly precluding defense counsel from calling as a witness the government's case agent who was present at the detention hearing. The district court, citing a decision of the Third Circuit, *United States v. Delker*, 757 F.2d 1390 (3d Cir.1985), stated that "the magistrate did not err in allowing the government to proceed by proffer during the pretrial detention hearing. Nor did the magistrate err in the defendants' request to call the case agent as a witness on their clients' behalf under section 3142(g)(2) of the Bail Reform Act." We agree.

Although this circuit has not expressly addressed the issue of whether the government at a pretrial detention hearing may proceed solely by proffer, the court in *Delker* stated that

the 'procedural requirements for the pretrial detention hearing set forth in section 3142(f) are based on those of the District of Columbia statute which were held to meet constitutional due process requirements in *United States v. Edwards*,' 430 A.2d 1321 (D.C.App.1981) (en banc), *cert. denied*, 455 U.S. 1022, 102 S.Ct. 1721, 72 L.Ed.2d 141 (1982). S.Rep. No. 225, 98th Cong. at 1st Sess. at 22 (1983), *reprinted in* 1984 U.S. Code Cong. & Adm.News at 25 (Supp. 9A).

*Delker*, 757 F.2d at 1395. In *Edwards*, the District of Columbia Court of Appeals held that "the information presented to the judicial officer by *either the government or the defense* may be by proffer...." *Edwards*, 430 A.2d at 1334. In *Edwards*, the court continued by stating that

The legislative history of the statute confirms Congress' intent that the information upon which the judicial officer makes his findings need not be sworn testimony, and that the hearing is not designed to afford defendants a discovery device. Thus, in providing that the finding of substantial probability is to be based upon information presented 'by proffer or otherwise,' the House re-

port anticipates 'that, as is the present practice under the Bail Reform Act, ... the use of sworn testimony will be the exception and not the rule....' [B]ail hearings under the Bail Reform Act, which frequently result in detention of the accused, proceed primarily by way of proffers. They are not formal trials requiring strict adherence to technical rules of evidence. *If the court is dissatisfied with the nature of the proffer, it can always, within its discretion, insist on direct testimony.* But discretion should be left to the court without imposing on it the burden of limiting admissibility to that it would permit a jury to hear.

*Edwards*, 430 A.2d at 1334 (citation omitted) (original emphasis). Additionally, the United States Supreme Court recently held, in *United States v. Salerno and Cafaro*, — U.S. ——, 107 S.Ct. 2095, 95 L.Ed.2d 697 (1987), that under the Bail Reform Act of 1984, "Congress hoped to 'give the courts adequate authority to make release decisions that give appropriate recognition to the danger a person may pose to others if released.'" *Salerno*, 107 S.Ct. at 2098 (citing S.Rep. No. 98–225 at 3).

■ In light of the legislative history and the relevant case law relating to the Bail Reform Act of 1984, we reject Gaviria's and Echeverry's contention that the magistrate erred in allowing the government to proceed at the pretrial detention hearing by way of proffer. We hold that the government as well as the defense may proceed by proffering evidence subject to the discretion of the judicial officer presiding at the detention hearing.

■ Gaviria and Echeverry also allege error because the magistrate refused defense counsels' request to call the government case agent, who was present at the hearing, as a witness. We note that 18 U.S.C. § 3142(f) specifically provides that a defendant may testify, present witnesses, and cross-examine witnesses who appear at the detention hearing. The court in *Edwards* held, however, that:

The legislative history does not discuss the scope of cross-examination permitted

of witnesses who are called by the government. Section 1322(c)(4) gives the accused the right 'to present witnesses in his own behalf,' but the House report states that the accused has only a *conditional* right to call *adverse* witnesses:

He may not, of course, call witnesses who ordinarily would be expected to testify for the government at trial, *unless he can proffer to the court in reasonable detail how he expects their testimony to negate substantial probability.* *Edwards,* 430 A.2d at 1334 (original emphasis). We agree that the defendant in a pretrial detention hearing has only a conditional right to call adverse witnesses. We, however, do not adopt the procedural guideline under *Edwards* requiring the defendant to initially proffer to the court in detail how an adverse witness's testimony is expected to negate substantial probability as a prerequisite to calling such witness. The legislative history compels a finding that the judicial officer presiding at the detention hearing is vested with the discretion whether to allow defense counsel to call an adverse witness with or without an initial proffer of the expected benefit of the witness's testimony. Moreover, as the court in *Edwards* noted, "[t]he related trial right of compulsory process, as provided by the sixth amendment, guarantees that *the defendant may compel* the attendance of witnesses in his favor." *Edwards,* 430 A.2d at 1338 (emphasis added).

## II.

■ Gaviria and Echeverry next contend that the district court erred in failing to conduct a *de novo* hearing to fully review the magistrate's detention order which was based merely on proffers of evidence. The district court's order, however, expressly states that it affirmed the magistrate's order after reviewing "the Government's and Defendants' Memorandum of Law and the transcript of the proceedings before the Magistrate, in accordance with *U.S. v. Hurtado,* 779 F.2d 1467 (11th Cir.1985)." In *Hurtado,* we held that *de novo* review requires the court to exercise independent consideration of all facts properly before it and to include written findings of fact and

a written statement of the reasons for the detention. *Hurtado,* 779 F.2d at 1480–81. We find that the district court's order in this case complies with the requirements under *Hurtado,* and we affirm the district court's denial of Gaviria's and Echeverry's request for a *de novo* hearing because the district court properly afforded *de novo* review of the magistrate's detention order.

## III.

Gaviria and Echeverry also contend that the pretrial detention statute was unconstitutionally applied in this case. This claim is not persuasive. For the above-stated reasons, we hold that the application of section 3142 at the pretrial detention hearing in this case was wholly constitutional and procedurally correct. ·

Accordingly, we affirm the decision of the district court.

AFFIRMED