983 F.2d 1046
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
UNITED STATES, Appellee,
v.
Noel FEMIA, Defendant, Appellant.
 No. 92-2324.
 United States Court of Appeals,
First Circuit.
 January 12, 1993
 
 APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS
 James E. Carroll, John J. O'Connor and Peabody & Arnold, on brief for appellant.
 A. John Pappalardo, United States Attorney, and Heidi E. Brieger, Assistant United States Attorney, on brief for appellee.
 D.Mass.
 AFFIRMED.
 Before Selya, Cyr and Boudin, Circuit Judges.
 Per Curiam.
 
 
 1
 Noel Femia appeals an order by the district court denying him bail. We affirm.
 
 I. FACTS
 
 2
 In 1986 Noel Femia was indicted on multiple counts of conspiring to possess and possessing cocaine with intent to distribute, distributing cocaine, and racketeering. An arrest warrant was issued the same day as the indictment. Femia fled, however, and was not arrested until this year, on July 16, 1992, in Florida. The next day Femia made an initial appearance before a magistrate in Florida, where he was represented by court-appointed counsel and waived his removal hearing. Because the significance of the events transpiring during Femia's appearance are at issue, we give a detailed summary here.
 
 
 3
 During the proceedings in Florida, Femia's court-appointed attorney told the magistrate that he understood that the government was "going to move for detention," that he had discussed that issue with Femia, and that "with [t]he Court's agreement, we would like the detention hearing to be heard in Massachusetts, as well." The magistrate responded, "Okay. Under those circumstances, I'll have the Government advise us of the charges and maximum penalties." Femia waived a formal reading of the indictment. The United States Attorney then summarized the charges against Femia and noted that the maximum penalties Femia faced ranged from 15 to 20 years in prison. At that point, the magistrate advised Femia of his rights. After Femia indicated that he understood the charges against him and the rights that he had, the magistrate continued:
 
 
 4
 All right. In regards to the-we need to have you sign the waiver for removal. In addition to that, I'm going to have the Government proffer the reasons of why they're requesting detention.
 
 
 5
 I will order the detention-if the proffer is sufficient, I will order the Defendant to be detained until trial, subject to his filing-subject to his, again, having a detention hearing when he arrives in the District of Massachusetts.
 
 
 6
 The government then proffered the evidence that Femia had been a fugitive since his indictment in 1986, having first fled to Canada and then subsequently to Florida and elsewhere in the United States. He had also used several aliases, as shown in his criminal record. Finally, the present charges against him involved "substantial quantities of cocaine, as well as racketeering charges, ... some of the most serious charges in the [f]ederal [s]tatutes," and he had had "prior involvement with controlled substances."
 
 
 7
 According to the transcript, the magistrate then turned to Femia's counsel and stated that "I assume you have no comment[,]" to which the attorney replied "That's correct, Your Honor." The magistrate then made the following concluding comments:
 
 
 8
 All right. The Court based upon the proffer of the Government and the presumptions which arise under 3142, the Court finds that the Defendant is a risk of flight and a danger to the community and orders that he be bound over-that he be detained until trial and bound over for further proceedings in the United States District Court in and for the District of Massachusetts.
 
 
 9
 I order for detention, however, it is without prejudice to the Defendant's requesting an additional detention/bond hearing in Massachusetts because of-where he can more properly defend the charges and the-and also more properly reflect that he might be entitled to a bond.
 
 
 10
 The magistrate then asked counsel for Femia and the government whether there were any other issues to be addressed, to which both counsel responded that there was "nothing further."
 
 
 11
 Subsequently, the magistrate issued an order, stating that he had held a hearing pursuant to 18 U.S.C. § 3142(f) to determine whether Femia should be detained before trial and that he had found that "no condition or combination of conditions will reasonably assure the appearance of this defendant at all future court proceedings" so that he was ordering him detained until his trial had concluded. The magistrate then explained why he had ordered detention, referring to the charges in the indictment against Femia, which were serious, and the government's proffer that Femia had been a fugitive and had used aliases. He also alluded to the presumption arising under 18 U.S.C. § 3142(e) by virtue of the maximum sentences Femia was facing for his drug offenses. That presumption had not been rebutted since defense counsel had presented no evidence. In accordance with Section 3142(i), the magistrate directed that Femia be committed to the custody of the Attorney General for confinement, be permitted to consult with counsel, and be delivered to appear at all court proceedings. He also directed that the order was "entered without prejudice so that the defendant may file a written motion for bond in the District of Massachusetts." Neither the government nor Femia's counsel appears to have objected to the proceedings before the magistrate, nor to his order.
 
 
 12
 Thereafter, a magistrate-judge for the United States District Court for the District of Massachusetts appointed Femia's present counsel. On August 3, 1992, Femia was arraigned, and Femia entered a not guilty plea. Neither the government nor Femia's new counsel appears to have mentioned the issue of detention at the arraignment. In August, the district court set a September trial date, which the government subsequently moved to continue "to several months in the future." The district court granted the motion, and soon thereafter Femia's counsel brought a motion entitled "Defendant's Motion for Review of Magistrate's Decision to Deny Bail." In his motion, Femia alleged that continuing the trial for an "indefinite period" without bail violated his rights. (A trial date of February 22, 1993, now appears to have been set.) As grounds for his motion, Femia did not allege that a Section 3142(f) hearing had not been held, but argued that the magistrate had "made no factual findings to support his order that defendant is a danger to the community and a risk of flight" and that "[f]rom reading the Magistrate's order it appears that the government proffered all of its evidence." (Emphasis in original.) Femia also stated that his mother was willing to post her real estate as collateral to secure a bond for his release and that he agreed to be bound by whatever condition of release the court deemed appropriate, asserting that conditions existed that would assure his presence and the safety of the community. In concluding, Femia asked the court to conduct a hearing "on this matter."
 
 
 13
 Femia's motion did not describe the Florida proceedings to the court, nor did Femia submit a transcript of those proceedings to the court to review. (Indeed, it appears that Femia's counsel did not have the transcript at that time, having told the district court that it "appear[ed] from the magistrate's order" that the government had proffered its evidence, a fact clearly evidenced in the transcript.) Nor did the government appear to be aware of what had transpired during the Florida proceedings. In its memorandum objecting to Femia's motion to review the magistrate's order, it stated its belief, on the basis of a telephone conversation with the district court in Florida, that Femia had waived his right to the detention hearing altogether. The government urged the district court to "adopt" the magistrate's decision since Femia had presented no evidence rebutting the Section 3142(e) presumption and argued that an additional hearing was unnecessary. Without referring to Femia's statement that his mother would post her real estate as collateral for a bond to secure his release, the government stated simply that "Femia's bald assertion that he would remain in the community pending trial fails to satisfy the 'some evidence' requirement under 18 U.S.C. § 3142(e)."
 
 
 14
 The district court did not grant Femia's request for a hearing, but in a marginal order stated that "[g]iven the Magistrate-Judge's findings as to the seriousness of the offense charged, the weight of the government's evidence and defendant's fugitive status for a period of years, the detention order is hereby adopted by this court."
 
 
 15
 On appeal, Femia alleges that his detention was unlawful because Femia had never received the detention hearing required under 18 U.S. C. § 3142(f), either in Florida or in Massachusetts. Although Femia did not present that argument to the district court, the government has not argued that Femia has thereby waived the argument. Femia also claims that the district court's order did not give the court's reasons for the order, but was a "reflexive endorsement" of the magistrate's decision and not the de novo review required by our decisions. In the alternative, Femia argues that, on the merits, he should not have been detained. In an appendix, Femia has submitted to this court the transcript of the Florida proceedings upon which we have based our summary of those proceedings.
 
 II. DISCUSSION
 A. THE HEARING IN FLORIDA
 
 16
 Contrary to Femia's allegation, the transcript makes clear that the magistrate held a detention hearing in Florida.[1] He had the government proffer its reasons for detention. He provided Femia's counsel an opportunity to respond, and Femia's counsel advised that there was "nothing further." From this we infer that Femia's counsel made it clear to the magistrate judge that he did not wish to make a proffer in opposition to the government's proffer. Based on the government's proffer and the presumption arising under 18 U.S.C. § 3142 that Femia presented a risk of flight and a danger to the community, the magistrate properly ordered Femia to be "detained until trial...." His written detention order explicitly stated the reasons for ordering Femia's detention.
 
 
 17
 The detention hearing and order met the requirements of 18 U.S.C. § 3142. The magistrate had a copy of the Massachusetts indictment before him, charging Femia with controlled substance offenses carrying maximum penalties exceeding ten years. Thus, the indictment presumptively established probable cause to believe that Femia had committed controlled substance offenses triggering the Section 3142(e) presumption that "no condition or combination of conditions will reasonably assure [his] appearance ... and the safety of the community...." See United States v. Dillon, 938 F.2d 1412, 1416 (1st Cir. 1991); United States v. Vargas, 804 F.2d 157, 162-63 (1st Cir. 1986). Neither presumption was rebutted by Femia. Femia's objection that a judicial officer may not order detention on the basis of a mere proffer of evidence by the government is simply not correct. See United States v. Acevedo-Ramos, 755 F.2d 203, 206-08 (1st Cir. 1985) (holding that the Bail Reform Act had not changed the principle that "magistrates and judges traditionally have been permitted to base their decision ... as to possible detention, on hearsay evidence, such as statements from the prosecution or the defendants about what they can prove and how"; and stating further that "[o]ften the opposing parties simply describe to the judicial officer the nature of their evidence; they do not actually produce it"); see also United States v. Gaviria, 828 F.2d 667, 669 (11th Cir. 1987) ("We hold that the government as well as the defense may proceed by proffering evidence subject to the discretion of the judicial officer presiding at the detention hearing.").
 
 
 18
 The magistrate's statements that he would order detention "subject to [Femia's,] again, having a detention hearing when he arrives in the District of Massachusetts," "without prejudice to the Defendant's requesting an additional detention/bond hearing in Massachusetts ...," and "without prejudice so that the defendant may file a written motion for bond in the District of Massachusetts," clearly were meant to safeguard Femia's right to request a detention hearing in Massachusetts. Femia has not yet done so. The motion he presented to the district court sought district court review of the magistrate's decision denying bail and a hearing in connection with that review. We turn now to the district court's decision.
 
 B. THE DISTRICT COURT'S DECISION
 
 19
 We have stated that a district court is to engage in de novo review of contested detention orders. United States v. Tortora, 922 F.2d 880, 883 n.4 (1st Cir. 1990). De novo review requires the court to exercise independent consideration of the facts properly before it and to include written findings of fact and a written statement of the reasons for the detention. United States v. Gaviria, 828 F.2d 667, 670 (11th Cir. 1987). However, the statutory requirement of a written statement of reasons is satisfied and meaningful appellate review is provided if either the magistrate who issues the order or the district court which reviews the order provides a statement of reasons. See United States v. Moss, 887 F.2d 333, 338 (1st Cir. 1989). If the district court agrees fully with the magistrate's order and reasons, it may adopt the order. United States v. King, 849 F.2d 485, 490 (11th Cir. 1988). In its discretion, the district court may conduct supplemental evidentiary hearings. See Moss, 887 F.2d at 338.
 
 
 20
 In reviewing the magistrate's order, the district court had before it the detention order, Femia's motion to review that order, and the government's opposition. (As noted above, neither party made the transcript of the Florida hearing available to the district court.) The magistrate's order recited the specific findings of fact relied upon by the magistrate to support detention: that Femia was charged in a "multi-count" indictment with controlled substance violations occurring on "various dates"; that there was a presumption in favor of detention due to the length of imprisonment Femia was facing; that the government had proffered that Femia had been a fugitive since 1986, had lived in Canada and various places in the United States, and had used many aliases; that defense counsel presented no rebuttal evidence; and that the charges against Femia were serious.
 
 
 21
 Femia's motion for review of the magistrate's decision stated that the magistrate had made no findings of fact and objected that the government had not presented its evidence. In addition, Femia's motion represented that Femia's mother was willing to post her real estate as collateral to secure a bond for his release. However, no statement by Femia's mother was provided, nor did the motion indicate the value, nature or location of the real estate.[2] The motion further stated that Femia agreed "to be bound by whatever other condition of release this Court deems appropriate" and that "there are conditions or a combination of conditions which would assure the presence of the defendant and the safety of the community." The motion made no suggestion as to what those conditions might be, however.
 
 
 22
 The district court adopted the magistrate's detention order. The court referred to the seriousness of the charges against Femia, the weight of the government's evidence, and Femia's "fugitive status for a period of years." Given its adoption of the magistrate's order, which stated the magistrate's findings of fact and reasons for ordering detention, the court's statement of reasons was adequate. The detention order was based on the unrebutted legal presumption arising under Section 3142. Absent evidence to rebut the presumption, see United States v. Jessup, 757 F.2d 378, 384 (1st Cir. 1985), there was no basis for revoking the magistrate's order. Femia's representation that his mother would offer her real estate as collateral did not constitute a sufficient basis to overcome the presumption. See United States v. Perez-Franco, 839 F.2d 867 (1st Cir. 1988) (district court did not err in refusing to release defendant pursuant to proposed conditions: among other things, defendant had proposed that the homes of his relatives be posted as security, but presented no evidence that family was willing to do so); see also United States v. Harris, 732 F. Supp. 1027, 1033 (N.D. Cal. 1990) (detainee's argument that he would enter a drug rehabilitation program and that his aunt, with whom he had lived for twelve years, would post $100,000 home as security, insufficient to rebut Section 3142(e) presumption).
 
 
 23
 Femia challenges both grounds for the Section 3142 presumption; i.e., that he was a danger to the community and presented a risk of flight.[3] First, he asserts that "there is no dispute that [his] alleged drug related activities concluded over six years ago and did not continue until the present day" and that "there is nothing to suggest that defendant is capable of engaging in any type of drug trafficking today." Neither claim has any support in the record, which contains no information whatever about Femia's activities while a fugitive or about Femia's ability, if released, to resume his alleged drug activities.
 
 
 24
 Femia also disputes the finding that he poses a risk of flight. Like the district court, we have little difficulty concluding that Femia's uncontroverted flight from prosecution and his use of aliases amply supported this finding.
 
 
 25
 Affirmed.
 
 
 
 [1]
 We need not address the motion to strike the affidavit submitted by the government in explanation of the nature of the Florida proceedings, as the affidavit is unnecessary to resolution of the issues raised on appeal
 
 
 [2]
 On appeal, Femia states that his mother is a Massachusetts resident and that the real estate in question is her home, but those facts were not proffered to the district court
 
 
 [3]
 The government need not establish both grounds to justify detention. See United States v. Dillon, 938 F.2d 1412, 1417 (1st Cir. 1991)