**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 8 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

       Plaintiff-Appellee,

v.

JEFFREY JOHNSON,

       Defendant-Appellant.

No. 05-1029
(D.C. No. 04-CR-514-N)
(D. Colo.)

---

**ORDER AND JUDGMENT** *

---

Before **MURPHY** , **O'BRIEN** , and **TYMKOVICH** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendant Jeffrey Johnson appeals the district court's order of detention pending trial. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3145(c), and we affirm.

## I.

On December 16, 2004, an Indictment was returned against defendant and twenty-nine other individuals. All were charged with conspiracy to distribute and possess with intent to distribute crack cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1), with one count of criminal forfeiture.[1] Defendant was arrested on December 16 and he has been in custody since that date. The government moved for detention at defendant's first appearance.

A magistrate judge held a detention hearing on December 27, 2004, and then ordered defendant released with certain conditions. The government sought revocation of the magistrate judge's release order. The district court held its own detention hearings on January 4 and 5, 2005. The district court determined that defendant was a flight risk and a danger to the community and that no combination of conditions would assure his appearance at trial and the safety of the community.

---

[1] On January 26, 2005, a 137-count Superseding Indictment was returned. Defendant is charged in five counts: conspiracy to distribute and possess with intent to distribute cocaine and cocaine base in Counts 1 and 2; distribution and possession with intent to distribute cocaine in Count 58; use of the telephone to facilitate a felony in Count 60; and forfeiture in Count 137.

## II.

A judicial officer must detain a defendant prior to trial if he or she "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). The judicial officer must hold a hearing to make this determination. *Id.* § 3142(f). If there is probable cause to believe that a defendant committed an offense prescribed by the Controlled Substances Act that carries a maximum term of imprisonment of over ten years, then a rebuttable presumption arises that there are no conditions that will reasonably assure the appearance of the person as required and the safety of any other person and the community. *Id.* § 3142(e). The burden of production on the defendant to overcome the presumption is not a heavy one, but the defendant must produce some evidence. *United States v. Stricklin*, 932 F.2d 1353, 1354-55 (10th Cir. 1991) (per curiam). Even if the presumption is overcome, the presumption remains a factor in the district court's detention decision. Ultimately, the burden of persuasion is always on the government. *Id.*

We review *de novo* mixed questions of law and fact concerning the detention decision. *United States v. Cisneros*, 328 F.3d 610, 613 (10th Cir. 2003). We review the district court's findings of fact for clear error. *Id.*

III.

Defendant argues that the district court erred by failing to make the determinations required by the statute. We disagree. The district court held a detention hearing and then it made oral and written findings. In this case, the district court found that the presumption applied because probable cause was required to charge the defendant in the Indictment and because he was charged with a crime under the Controlled Substances Act that carries a maximum term of imprisonment over ten years. Aplt. App., Vol I, Tab H at 40. In its written order, the district court noted that it had considered the presumption and all of the other evidence in making its determination concerning detention. *Id.* The court then acknowledged its duty to consider the statutory factors to determine whether there were conditions of release that would reasonably assure the appearance of defendant as required and the safety of any other person and the community. *Id.* The court recited the relevant factors from 18 U.S.C. § 3142(g) and then it made specific findings of fact and explained the reasons for detention as required by 18 U.S.C. § 3142(i)(1). Aplt. App., Vol. I, Tab H at 40-44.

Defendant also challenges three of the district court's factual findings. He argues that the district court erred in finding that: 1) he was a danger to the community; 2) the evidence against him was great; and 3) he was a flight risk. The district court's factual findings are supported by the evidence. The district

court found that defendant was a danger to the community because of his propensity to engage in acts of violence and because he deals in drugs. This finding was based on evidence presented at the hearing that defendant was involved in an incident where he jumped in another man's car, refused to let him drive away, and slapped him in the face with a gun. Aplt. App., Vol. I, Tab H at 42-43, Aplt. App., Vol. IV at 84-85; Aplee. Supl. App., Ex. 1A. This finding was also based on evidence presented at the first detention hearing that the government had tapes of defendant and another member of the alleged conspiracy discussing the sale of nine ounces of cocaine that was going to be manufactured into crack cocaine. Aplt. App., Vol. II at 13-14. This second piece of evidence also supports the district court's finding that "[t]he evidence is more than sufficient to connect the defendant to [the] conspiracy and to sustain a finding of guilt beyond a reasonable doubt." *Id.*, Vol. I, Tab H at 42-43.

Finally, on the question of whether defendant was a flight risk, i.e., whether there was a condition or combination of conditions that could assure defendant's appearance, the district court found that defendant "has a record of failing to appear in just about every court proceeding that he has been involved in." *Id.* at 41. This finding was based on evidence in defendant's Pretrial Services Report that in three previous cases he failed to appear four times resulting in significant

delays in processing those charges. Aplee. Supl. App., PSR at 3-4. The district court's factual findings are not clearly erroneous.

Lastly, defendant asserts that the district court erred in refusing to consider his proffered evidence. At the hearing on January 5, defendant sought to introduce evidence from Troy McMillon by way of proffer. The government objected. Because of the government's objection and the fact that the witness was within the jurisdiction of the court and available by subpoena, the district court did not accept the proffered evidence. Aplt. App. Vol. IV at 52-54. Although the statute provides that evidence can be presented by proffer, *see* 18 U.S.C. § 3142(f), it is within the court's discretion not to accept such evidence. *See United States v. Gaviria*, 828 F.2d 667, 669 (11th Cir. 1987).

Regardless, the district court stated that even if it were to consider the proffer, the evidence itself was inadequate. The proffer was a letter by Mr. McMillon to support defendant's position that he would be able to obtain employment if he were released pending trial. The letter states in relevant part, "[p]lease take into consideration that upon [defendant's] release I will recommend him for any open position to work for Advantage Rent A Car." Aplt. App., Vol. I, Tab G at 38. The district court found that the evidence was inadequate because "[t]he letter writer doesn't say he's associated with Advantage Rent-a-Car, or that he is in a position to recommend or secure a job for defendant." *Id.,*

-6-

Tab H at 44.  The district court did not err in refusing to accept this proffered evidence.

The district court considered the evidence presented at the hearing in conjunction with the relevant statutory factors and it made the required factual findings to support its detention order.  The judgment of the district court is AFFIRMED.

ENTERED FOR THE COURT
PER CURIAM