**UNITED STATES of America,**

v.

**Ruben SANCHEZ, Defendant.**

**Criminal No. 2006–10334–NG.**

United States District Court, D. Massachusetts.

Oct. 17, 2006.

Catherine K. Byrne, Federal Defender's Office, District of Massachusetts, Boston, MA, for Ruben Sanchez.

Timothy Q. Feeley, United States Attorney's Office, Boston, MA, for United States of America.

## OPINION

COLLINGS, United States Magistrate Judge.

Upon his arrest, the defendant (or "Sanchez") appeared before the undersigned for an initial appearance. The Government moved for a detention hearing pursuant to 18 U.S.C. § 3142(f). At a detention hearing, one of the factors which the Court must consider is "the weight of the evidence against the person." 18 U.S.C. § 3142(g)(2). The question raised in this case is to what extent, if any, the defendant can subpoena prospective government witnesses to testify at a detention hearing on the weight (or lack thereof) of the Government's evidence against him.

Sanchez has been charged with possession of a firearm by a convicted felon and possession of a firearm by one subject to a restraining order in violation of 18 U.S.C. § 922(g)(1) and (8). From the evidence, it appears that Melrose Police Officer David Roy arrested Sanchez on September 22, 2006 on an outstanding warrant, and during the course of the arrest, searched Sanchez' motorcycle and found a gun in a saddlebag on the motorcycle.

Sanchez is represented by an Assistant Federal Public Defender by appointment of the Court. Prior to the detention hearing which was scheduled for October 5, 2006, defendant's counsel caused a subpoena to issue requiring Officer Roy's attendance at the detention hearing. Officer Roy

appeared pursuant to the subpoena on October 5th. However, the issuance of the subpoena to the officer without advance permission of the Court was contrary to General Order 94–1 (2/1/94) (D.Mass.) which requires the approval of the Court before an Assistant Federal Public Defender or court-appointed counsel can cause the issuance of a subpoena in a criminal case in a "hearing before a Magistrate Judge." Accordingly, at the detention hearing on October 5th, the Court quashed the subpoena.

Sanchez' counsel then orally moved for permission to issue a new subpoena to Officer Roy for the continued detention hearing which was scheduled for October 13th. The basis asserted on October 5th for the issuance of the subpoena was to present evidence on the weight of the evidence as it pertained to the likelihood of success on a motion to suppress the gun. The Court took the motion under advisement.

The Court's preliminary research indicated that such evidence should not be allowed at a detention hearing, and, consequently, the Court allowed Sanchez' counsel to "file and serve a brief memorandum citing cases in which it is held that the Court either must or should consider the likelihood of success on a motion to suppress at a detention hearing as part of its evaluation of the 'weight of the evidence against the person.'" Counsel was not able to cite a case which contained any such holding.

At the continued detention hearing on October 13th, perhaps in response to her inability to find a case, counsel switched gears. She stated that she no longer was pressing the argument that the officer should be required to give testimony on the basis that the testimony would demonstrate that the defendant had a likelihood of success of prevailing on a motion to suppress. Rather, she argued that the testimony should be permitted on the weight of the Government's evidence of criminality. The Court again took the matter under advisement.

■ It is clear that the Court has the discretion to allow the defendant to call such witnesses at a detention hearing. The First Circuit has held that a judicial officer can "... rely upon investigatory descriptions of evidence (and similar hearsay) where the judicial officer reasonably concludes that those descriptions, reports, and similar evidence, in the particular circumstances of the hearing, are reliable." *United States v. Acevedo–Ramos*, 755 F.2d 203, 207 (1st Cir.1985). But, the judicial officer has the discretion to require more. He or she

> ... possesses adequate power to reconcile the competing demands of speed and of reliability, by selectively insisting upon the production of the underlying evidence or evidentiary sources where their accuracy is in question.

*Acevedo–Ramos*, 755 F.2d at 207.

■ It follows that a defendant has no absolute "right" to subpoena adverse witnesses at a detention hearing. *United States v. Winsor*, 785 F.2d 755, 756 (9 Cir.,1986) citing *United States v. Delker*, 757 F.2d 1390, 1397–8 (3 Cir., 1985). The matter is left to the discretion of the magistrate judge. This undoubtedly is the principle which forms the basis of General Order 94–1 which is in effect in this District and requires the permission of the magistrate judge before witnesses may be subpoenaed to give testimony at hearings which the magistrate judge conducts.[1]

---

1. This analysis also supports the argument that General Order 94–1 should not be altered to eliminate the requirement of having the magistrate judge's permission before issuing a

A seminal case involving the constitutionality of pretrial detention statutes provides, in the Court's estimation, the best analysis of what should inform the magistrate judge's exercise of his or her discretion as to whether to permit defendant's counsel to subpoena the Government's witnesses on the question of the "weight of the evidence." In *United States v. Edwards*, 430 A.2d 1321, 1338 (D.C.App., 1981) *(en banc), cert. denied sub nom. Edwards v. U.S.*, 455 U.S. 1022, 102 S.Ct. 1721, 72 L.Ed.2d 141 (1982), the Court held that a defendant's right of confrontation and to cross-examination did not require the Government to offer only non-hearsay evidence at a detention hearing, and that a "complainant's hearsay statements" were admissible. *Id.* The Court then wrote:

> Consistent with this holding, we further conclude that the court may require a proffer from the defense before compelling the presence of an adverse witness.
>
> * * *
>
> Under our holding that the government may proceed by proffer or hearsay, cross-examination for the limited purpose of impeaching the witness' credibility is an insufficient reason to compel a witness' presence. The requirement of a preliminary proffer, regarding the manner in which a witness' testimony will tend to negate substantial probability that the accused committed the charged offense, is a reasonable limitation on the accused's right to call witnesses in his favor.

*Edwards*, 430 A.2d at 1338.

Cases since *Edwards* was decided have followed this precedent at least to the ex-

tent of uniformly holding that "the defendant in a pretrial detention hearing has only a conditional right to call adverse witnesses." *United States v. Gaviria*, 828 F.2d 667, 670 (11 Cir., 1987). While the *Gaviria* court did not "adopt the procedural guideline under *Edwards* requiring the defendant to initially [sic] proffer to the court in detail how an adverse witness's testimony is expected to negate substantial probability as a prerequisite to calling such witness," *id.*, it clearly indicated that the magistrate judge's discretion should be exercised on the basis of whether the witness's testimony would be helpful to the defense. This is similar to the First Circuit's point in *Acevedo–Ramos*, 755 F.2d at 207, that the judicial officer should perhaps exercise discretion in permitting the defendant to subpoena witnesses (or require the Government to produce its percipient witnesses) in circumstances in which the "accuracy" of the hearsay evidence is "in question." *Acevedo–Ramos*, 755 F.2d at 207.

■ In conclusion, in urging the Court to allow her to subpoena witnesses, Sanchez' counsel must give the Court some basis for believing that the witness would produce testimony favorable to her client or that there is some reason to question the reliability of hearsay evidence proffered by the Government. In the instant case, counsel has provided no such basis, and the Court sees none. Rather, defense counsel's purpose appears to be to have the ability to examine the Government's witness before trial. While this may be a laudable motive, the desire for discovery is simply not a sufficient basis under the law

---

subpoena to attend and give testimony at a detention hearing. If prior permission were not required, the witnesses could be subpoenaed and required to come to Court only to find that the magistrate judge, in his or her discretion, declined to hear their testimony. Such a result would result in a waste of the witness's time and his unavailability to do his assigned job.

for allowing defense counsel to subpoena prospective government witnesses into court to testify at a detention hearing. *Acevedo–Ramos,* 755 F.2d at 206 (detention hearings are "... not substitutes for trial or even for discovery."). *See also United States v. LaFontaine,* 210 F.3d 125, 131 (2 Cir., 2000) (quoting *Acevedo–Ramos* with approval); *United States v. Martir,* 782 F.2d 1141, 1145 (2 Cir., 1986).

Accordingly, it is ORDERED that defendant's oral motion for permission to issue a subpoena requiring Officer Roy to appear and give testimony for the defense at the continued detention hearing be, and the same hereby is, DENIED.